UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL BOWLES, : | |
| 302 S. FRONT ST. APT. 1 : | |
| WORMLEYSBURG, PA 17043 : | **JURY DEMANDED** |
| : | |
| Plaintiff, : | No.: |
| : | |
| v. : | |
| : | |
| PRATT & WHITNEY : | |
| 181 FULLING MILL RD. #2 : | |
| MIDDLETOWN, PA 17057 : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff, Carol Bowles, by and through her undersigned counsel, files this Complaint and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Carol Bowles ("Plaintiff"), is an adult individual residing at 302 S. Front St, Apt. 1, Wormleysburg, Cumberland County, Pennsylvania.

2. Defendant, Pratt & Whitney ("Defendant"), is, upon information an belief, is a corporation organized and existing under the laws of Delaware, authorized to do business in Pennsylvania, with a principle place of business located at 181 Fulling Mill Rd. #2, Middletown, Dauphin County, Pennsylvania.

3. At all times relevant hereto, Defendant was Plaintiff's employer.

1

4. At all times relevant hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

8. Venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

## II. FACTS

9. In or about August 2017, Defendant hired Ms. Bowles to work at its location at 181 Fulling Mill Rd., Middletown, Pennsylvania, as a Machine Operator I.

10. Ms. Bowles was qualified for her position with Defendant and performed her work without any complaint or issue as evidenced by her long

tenure with Defendant and the fact that she was promoted to a Machine Operator II position.

11. Unfortunately, Ms. Bowles experienced discrimination from her supervisors while she was a Machine Operator II.

12. As a Machine Operator II, Ms. Bowles was supervised primarily by Mock Lead Supervisor, Thomas Spencer.

13. While Mr. Spencer provided similarly situated male employees a home station to complete their work, Mr. Spencer moved Ms. Bowles to different stations throughout Pratt & Whitney.

14. Ms. Bowles was also being intimidated by Mr. Spencer, who would force Ms. Bowles to complete assignments she was not comfortable completing due to lack of training.

15. Ms. Bowles did not witness her male colleagues placed into the same uncomfortable situations that she was facing.

16. While at the home office, Ms. Bowles was supposed to be assigned work consistent with her training.

17. Mr. Thomas would also threaten Ms. Bowles job whenever she explained to Mr. Thomas that she was not comfortable completing assignments that she had not been trained to complete.

18. Simultaneously, Mr. Thomas would tell Ms. Bowles that if she wanted to be more available for the company, she would need to do more work.

19. Ms. Bowles co-workers would witness Mr. Thomas' treatment of Ms. Bowles, which as observed by Ms. Bowles, disparate from the treatment that her male coworkers would receive.

20. Ms. Bowles coworkers would advise Ms. Bowles to file a complaint with human resources as they could clearly see that Mr. Thomas' actions were discriminatory.

21. In or about October 2020, Ms. Bowles was again given an assignment for which she had not received training.

22. Nevertheless, Ms. Bowles attempted to complete the assignment to the best of her abilities, despite the lack of training.

23. To make sure she was completing her tasks correctly, Ms. Bowles requested help from Lead Machine Operator, Marty Banks.

24. Mr. Banks walked over to Ms. Bowles' machine, told her there was nothing wrong and walked away.

25. Approximately, twenty (20) minutes later, Ms. Bowles asked Mr. Banks for help again as she continued to have the same issues.

26. Towards the end of her shift, Mr. Banks approached Ms. Bowles and began to berate her, upon information and belief, over her requests for help.

27. Following the above incident, Ms. Bowles informed Mr. Thomas of what happened with Mr. Banks and stated she was not comfortable completing the assignment she previously had due to her lack of training.

28. Despite Ms. Bowles' request, Mr. Thomas still placed Ms. Bowles in the same situation where she felt uncomfortable.

29. Believing she was being treated differently by her supervisor, Mr. Thomas, and being berated by Mr. Banks for asking for help, in October of 2020, Ms. Bowles filed a complaint with Defendant's human resources department, Kelly Livingston, regarding the discriminatory treatment she was receiving.

30. Upon information and belief, Defendant took no action to investigate or resolve Ms. Bowles' complaint of discrimination.

31. Shortly after filing her complaint with Ms. Livingston, on or about October 25, 2020, Defendant terminated Ms. Bowles employment.

32. Given the temporal proximity of Ms. Bowles' complaint to Defendant's human resources department and the termination of her employment, upon information and belief, Defendant terminated Ms. Bowles in retaliation for her complaint of discrimination and any other reason provided is pretext.

33. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of

future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

34. Ms. Bowles incorporates paragraphs 1-33 as if fully set forth at length herein.

35. Defendant took adverse action against Ms. Bowles by discriminating against her and terminating her employment eleven (11) days after successfully completing her training.

36. Ms. Bowles' status as a female places her in a protected class.

37. Ms. Bowles' membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Bowles and terminate her employment.

38. As such, Defendant's decision to discriminate and to terminate Ms. Bowles' employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

39. As a proximate result of Defendant's conduct, Ms. Bowles sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of

back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Bowles has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendant's owners/management, Ms. Bowles hereby demands punitive damages.

41. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., MS. Bowles demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

42. Ms. Bowles incorporates paragraphs 1-41 as if set forth more fully at length herein.

43. As set forth above, Ms. Bowles made complaints to human resources about disparate treatment in the workplace and as such, Ms. Bowles was engaged in protected activity under Title VII of the Civil Rights Act.

44. Defendant took adverse action against Ms. Bowles by terminating her employment shortly after her complaint.

45. As set forth above, Ms. Bowles' participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

46. As such, Defendant's decision to terminate Ms. Bowles' employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

47. As a proximate result of Defendant's conduct, MS. Bowles sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Bowles has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Defendant, Ms. Bowles hereby demands punitive damages.

49. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq*., Ms. Bowles demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Carol Bowles, demands judgment in her favor and against Defendant, Pratt & Whitney, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: November 10, 2021      LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
**ROBERT H. GRAFF, ESQUIRE**
**Pa I.D. No.: 206233**
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
Phone: (267) 546-0138
Email: RobertG@ericshore.com
*Attorney for Plaintiff, Carol Bowles*